**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | NO. 3:16-CR-217 |
| AARON LEE VANDERPOOL, | (JUDGE CAPUTO) |
| Defendant/Petitioner. | |

## **MEMORANDUM**

Presently before me is the Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 104) filed by Aaron Lee Vanderpool ("Vanderpool" or "Petitioner"). Vanderpool asserts that his counsel was ineffective in failing to object to impermissible "double-counting" that he claims resulted from the simultaneous application of sentencing enhancements under U.S.S.G. § 2K2.1(b)(5) and § 2K2.1(b)(6)(B). Because Vanderpool cannot demonstrate that he was prejudiced by his counsel's performance, his § 2255 motion will be denied.

## **I. Background**

On June 16, 2015, Vanderpool was arrested and charged in this Court pursuant to a criminal complaint. (*See* Doc. 1, *generally*). On April 9, 2016, Vanderpool agreed to plead guilty to a two-Count Information charging him with theft of firearms from a federal licensee in violation of 18 U.S.C. § 922(u) (Count One) and distribution of heroin in violation of 21 U.S.C. § 841(a)(1) (Count Two). (*See* Doc. 70, *generally*). Specifically, Vanderpool was charged with stealing 48 firearms from a sporting goods store in Wysox, Pennsylvania. (*See id.*).

Vanderpool agreed to plead guilty to both counts of the Information. (*See* Doc. 72, *generally*). The parties stipulated to application of certain Sentencing Guidelines to Vanderpool's conduct, including: (1) pursuant to § 2K2.1(b)(5), Vanderpool engaged in, aided and abetted the trafficking of firearms; and (2) pursuant to § 2K2.1(b)(6)(B), Vanderpool transferred the firearms with knowledge, intent or reason

to believe that they would be used or possessed in connection with another felony offense; namely, controlled substances trafficking. (*Id*. at ¶ 12). At the guilty plea hearing, the prosecutor highlighted the salient points of the plea agreement, including the stipulations that Vanderpool engaged in trafficking of firearms and that he transferred the firearms with knowledge, intent or reason to believe that they would be used or possessed in connection with another felony offense, *i.e.*, narcotics trafficking. (*See* Doc. 107, 12:14-19). The prosecutor also set out the facts that would satisfy the elements of the charged offenses, including that Vanderpool stole 48 firearms from a sporting goods store. (*See id*. at 17:21-18:6). The prosecutor further explained that the Government would introduce evidence that Vanderpool conspired with others to transport the firearms and sell them in exchange for heroin and money. (*See id*. at 18:7-13). Lastly, the prosecutor noted that Vanderpool was arrested with one of the stolen firearms and a quantity of heroin. (*See id*. at 18:18-23). Vanderpool, upon questioning at the guilty plea hearing, admitted that those facts were all true, and he pled guilty to Counts One and Two of the Information. (*See id*. at 19:3-20:6). Vanderpool's guilty plea was accepted. (*See id*. at 20:7-16).

Prior to sentencing, the United States Probation Office prepared a presentence report (the "PSR"). Vanderpool's offense level was calculated pursuant to the 2016 edition of the United States Sentencing Commission Guidelines Manual. (*See* PSR, ¶ 16). The charged offenses were grouped together for the Guidelines calculation, which meant that the applicable offense level was that of the most serious offense, here, the theft of firearms offense. (*See id*. at ¶ 18). Because Vanderpool was a prohibited person, *i.e.*, a drug user, his base offense level for a violation of 18 U.S.C. § 922(u) was 14. (*See id*. at ¶ 19). Six levels were then added because the offense involved 48 firearms. (*See id*. at ¶ 20). Two levels were also added because the offense involved stolen firearms. (*See id*. at ¶ 21). The total offense level further included two additional specific offense characteristics: (1) a four level increase pursuant to U.S.S.G. § 2K2.1(b)(5) because Vanderpool engaged in the trafficking of

firearms; and (2) a four level increase based on § 2K2.1(b)(6)(B) since Vanderpool possessed or transferred firearms with knowledge, intent, or reason to believe that they would be used or possessed in connection with another felony offense. (*See id*. at ¶¶ 22-23).[1] The PSR then decreased the total offense level by two for acceptance of responsibility under § 3E1.1(a) and one level pursuant to § 3E1.1(b). (*See id*. at ¶¶ 29-30). Thus, Vanderpool's total offense level was 27. (*See id*. at ¶ 31). The PSR next determined Vanderpool's criminal history. Based on a variety of prior offenses, the PSR computed Vanderpool's criminal history score to be seven, which corresponded with a criminal history category of IV. (*See id*. at ¶ 41). With a total offense level of 27 and a criminal history category of IV, the recommended Guidelines sentence was between 100 and 125 months imprisonment. (*See id*. at ¶ 62).

Vanderpool appeared for sentencing on April 10, 2017. (*See* Doc. 106, *generally*). After an unopposed motion for a downward departure was granted, I accepted the PSR with an offense level of 24 and a criminal history category of IV, which produced a sentencing range of 77 to 96 months. (*See id*. at 2:10-18). Vanderpool was sentenced to a 77 month term of imprisonment. (*See id*. at 12:23-13:2).

Vanderpool did not file a direct appeal challenging his conviction or sentence. But, on October 24, 2017, he filed the instant § 2255 motion. (*See* Doc. 104, *generally*). Vanderpool claims that the application of enhancements under both § 2K2.1(b)(5) and § 2K2.1(b)(6) to calculate his recommended Guidelines sentence constituted "double counting" which is prohibited by the United States Sentencing Commission. (*See id*. at 4).[2] As a result, Vanderpool contends that his offense level

---

[1] These enhancements were all stipulated to by the parties in the plea agreement. (*See* Doc. 72, ¶ 12). However, the plea agreement noted that the stipulations were not binding on the Court or the United States Probation Office. (*See id*.).

[2] Vanderpool did not frame the issue quite this clearly. (*See* Doc. 104, *generally*). Nonetheless, "[*p*]*ro se* § 2255 motions are to be read liberally. . . ." *United States*

3

should have been 17 and he should have been sentenced to a 27 month prison term. (*See id*.). By failing to object to the Guidelines calculation applying enhancements under both § 2K2.1(b)(5) and § 2K2.1(b)(6), Vanderpool insists that his counsel was ineffective pursuant to *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984) and he is entitled to be resentenced. (*See id*.).

The Government was directed to file a response to the § 2255 motion, which it timely did on February 21, 2018. (*See* Doc. 110, *generally*). According to the Government, without conceding that an error occurred in the calculation of the Guidelines here, it argues that even if one did it was at most harmless because "where the allegedly erroneous guidelines calculation and allegedly correct guidelines calculation lead to the same sentencing range, the defendant has not suffered any prejudice." (*Id*. at 14-15). So it follows, says the Government, that Vanderpool's collateral attack on his sentence fails for an inability to establish prejudice as required for a *Strickland* claim. (*See id*. at 16). Vanderpool's § 2255 motion is fully briefed and ripe for disposition.

## II. Legal Standards

**A.   28 U.S.C. § 2255.**

"Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002). Section 2255 permits a prisoner sentenced by a federal court to move the court that imposed the sentence to "vacate, set aside, or correct the sentence" where: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to

---

  *v. Mathis*, 238 F. App'x 807, 810 (3d Cir.) (2007) (citing *Higgins v. Beyer*, 293 F.3d 683 (3d Cir. 2002)).

collateral attack. *See* 28 U.S.C. § 2255(a).

Section 2255(b) generally entitles a petitioner to a hearing on his motion, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief. . . ." 28 U.S.C. § 2255(b); *see also* Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts ("If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."). The threshold the petitioner must meet to obtain an evidentiary hearing is considered to be "reasonably low." *United States v. Booth*, 432 F.3d 542, 546 (3d Cir. 2005). In considering a § 2255 motion, the "district court must 'accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record.'" *Johnson v. United States*, 294 F. App'x 709, 710 (3d Cir. 2008) (quoting *Booth*, 432 F.3d at 545-46). The district court may, however, dispose of "vague and conclusory allegations" contained in a § 2255 petition without further investigation. *Id.* at 710 (quoting *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000)).

**B.  Ineffective Assistance of Counsel.**

Among other protections, the Sixth Amendment to the United States Constitution guarantees an accused in a criminal prosecution "to have the assistance of counsel for his defense." U.S. Const. amend. VI. The applicable federal precedent for ineffective assistance claims is the well-settled two-prong test established by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

To establish he was denied the effective assistance of counsel under *Strickland*, the movant must show that (1) the performance of trial counsel fell below an objective standard of reasonableness, and (2) the performance of counsel unfairly prejudiced the defense. *Id.* at 687-88, 691, 104 S. Ct. 2052. "Both *Strickland* prongs must be satisfied." *George v. Sively*, 254 F.3d 438, 443 (3d Cir. 2001) (citing *United States*

*v. Nino*, 878 F.2d 101, 104 (3d Cir. 1989)).

The first *Strickland* prong requires a defendant to "establish . . . that counsel's performance was deficient." *Jermyn v. Horn*, 266 F.3d 257, 282 (3d Cir. 2001). Proving a deficiency in conduct "'requires showing that counsel made errors so serious that counsel was not functioning as the counsel guaranteed defendant by the Sixth Amendment.'" *Id*. (quoting *Strickland*, 466 U.S. at 687, 104 S. Ct. 2052). "In assessing counsel's performance, 'every effort [must] be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.'" *Id*. (quoting *Strickland*, 466 U.S. at 689, 104 S. Ct. 2052).

"Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is to say, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Strickland*, 466 U.S. at 689, 104 S. Ct. 2052. The benchmark for judging any claim of ineffectiveness of counsel is "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id*.

The second prong of *Strickland* requires a defendant to show that counsel's performance unfairly prejudiced the defendant, meaning that counsel's errors were so serious as to deprive the defendant of a trial whose result is reliable. *Id*. at 687, 104 S. Ct. 2052. It is not enough to show that the error had some conceivable effect on the outcome of the proceeding, for virtually every act or omission would meet such a test. *Id*. at 693, 104 S. Ct. 2052. Rather, the defendant must show there is a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different. *Id*. at 694, 104 S. Ct. 2052. A reasonable probability is sufficient to undermine confidence in the outcome of the trial. *Id*. The Third Circuit has stated that the "*Strickland* prejudice standard is not 'stringent'- it is, in fact, 'less

demanding than the preponderance standard.'" *Williams v. Beard*, 637 F.3d 195, 227 (3d Cir. 2011) (quoting *Jermyn*, 266 F.3d at 282).

## III. Discussion

As stated, Vanderpool's ineffectiveness claim is based on his view that his counsel's failure to object to the imposition of sentencing enhancements under U.S.S.G. § 2K2.1(b)(5) and 2K2.1(b)(6)(B)'s reason-to-believe clause resulted in unlawful "double-counting" that produced an incorrect calculation of his Guidelines range. (*See* Doc. 104, 4). Vanderpool's motion will be denied because even if his counsel's performance was deficient, he fails to demonstrate prejudice as required under *Strickland* for his ineffective assistance of counsel claim.[3]

To begin, "'only when the Guidelines explicitly prohibit double counting will it be impermissible to raise a defendant's offense level under one provision when another offense Guideline already takes into account the same conduct.'" *United States v. Fisher*, 502 F.3d 293, 308 (3d Cir. 2007) (alteration omitted) (quoting *United States v. Wong*, 3 F.3d 667, 670 )3d Cir. 1993)). In other words, the Guidelines expressly "note when double counting is forbidden." *Id*.

At issue here are two provisions of the Sentencing Guidelines. First, § 2K2.1(b)(5) states that "[i]f the defendant engaged in the trafficking of firearms, increase by 4 levels," *i.e.*, the "trafficking" enhancement. U.S.S.G. § 2K2.1(b)(5)

---

[3] An evidentiary hearing is not required in this matter. 28 U.S.C. § 2255(b) requires an evidentiary hearing "unless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *Booth*, 432 F.3d at 545; *United States v. Day*, 969 F.2d 39, 41-42 (3d Cir. 1992). "Where the record, supplemented by the trial judge's personal knowledge, conclusively negates the factual predicates asserted by the petitioner or indicate[s] that petitioner is not entitled to relief as a matter of law, no hearing is required." *Judge v. United States*, 119 F. Supp. 3d 270, 280 (D.N.J. 2015); *see also United States v. Tuyen Quang Pham*, 587 F. App'x 6, 8 (3d Cir. 2014); *Government of Virgin Islands v. Nicholas*, 759 F.2d 1073, 1075 (3d Cir. 1985); *Booth*, 432 F.3d at 546. As the record makes clear that Vanderpool is not entitled to habeas relief, no hearing is required for the resolution of the instant § 2255 motion.

7

(2016). Second, § 2K2.1(b)(6)(B) provides that if the defendant "used or possessed any firearm or ammunition in connection with another felony offense; or possessed or transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense, increase by 4 levels," *i.e.*, the other-felony-offense enhancement. *Id*. at § 2K2.1(b)(6)(B). This provision

> thus consists of two clauses, each of which describes a different set of circumstances. The first clause - the in-connection-with clause - concerns defendants who use or possess firearms in connection with another felony offense. The second - the reason-to-believe clause - concerns defendants who possess firearms, or transfer them to others, with knowledge, intent, or reason to believe that they will be used or possessed in connection with another felony offense.

*United States v. Young*, 811 F.3d 592, 601 (2d Cir. 2016).

The Application Notes to the Guidelines elaborate on the § 2K2.1(b)(5) and § 2K2.1(b)(6)(B) enhancements. Application Note 13(A) states:

> Subsection (b)(5) applies, regardless of whether anything of value was exchanged, if the defendant--
>
> (i) transported, transferred, or otherwise disposed of two or more firearms to another individual, or received two or more firearms with the intent to transport, transfer, or otherwise dispose of firearms to another individual; and
>
> (ii) knew or had reason to believe that such conduct would result in the transport, transfer, or disposal of a firearm to an individual--
>
> (I) whose possession or receipt of the firearm would be unlawful; or
>
> (II) who intended to use or dispose of the firearm unlawfully.

U.S.S.G. § 2K2.1 cmt. n.13(A) (2016). Application Note 13(D) describes the interaction of the "trafficking enhancement" with the § 2K2.1(b)(6)(B) enhancement: "[i]f the defendant used or transferred one of such firearms in connection with another felony offense (*i.e.*, an offense other than a firearms possession or trafficking offense) an enhancement under subsection (b)(6)(B) also would apply." *Id*. at § 2K2.1 cmt. n.13(D). In Application Note 14, "another felony offense" is defined as "any Federal,

8

state, or local offense, other than the explosive or firearms possession or trafficking offense, punishable by imprisonment for a term exceeding one year, regardless of whether a criminal charge was brought, or a conviction obtained." *Id*. at § 2K2.1 cmt. n.14(C).

Both the "trafficking" enhancement and the other-felony-offense enhancement based on the reason-to-believe clause were applied in calculating Vanderpool's Guidelines range in the matter *sub judice*. (*See* PSR, ¶¶ 22-23). Applying these enhancements together, says Vanderpool, constitutes impermissible double-counting under the Guidelines. While the issue raised by Vanderpool has not been addressed by the Third Circuit, it has been considered - and resolved differently - by the Second and Seventh Circuits.

In *United States v. Young*, 811 F.3d 592, 601-604 (2d Cir. 2016), the Second Circuit considered on direct appeal whether "applying the other-felony-offense enhancement constituted impermissible 'double-counting' because the District Court also applied a four-level enhancement under U.S.S.G. § 2K2.1(b)(5) for 'trafficking' in firearms." Reading Application Note 13(A) together with Note 13(D), the *Young* court stated:

> when the "trafficking" enhancement also applies, as it does in this case, Application Note 13(D) limits the application of the other-felony-offense enhancement to those situations in which "the defendant used or transferred one of such firearms in connection with another felony offense," incorporating language from the in-connection-with clause set forth in § 2K2.1(b)(6)(B). No mention is made of situations - like this one - in which the defendant transferred a firearm not in connection with another felony offense, but with knowledge, intent, or reason to believe it would later be used in connection with another felony offense, which would have incorporated language from the reason-to-believe clause set forth in § 2K2.1(b)(6)(B).
>
> The omission of such an application compels the conclusion that the application of the other-felony-offense enhancement is limited to the situations specifically addressed in Application Note 13(D). Put another way, by expressly mentioning one application of the enhancement and conspicuously leaving out the other, the Sentencing Commission said clearly - by negative implication, to be

9

> sure, but clearly - that when the "trafficking" enhancement applies, a sentence may be enhanced under the in-connection-with clause but not under the reason-to-believe clause. . . . . Accordingly, we conclude that transferring a firearm with knowledge, intent, or reason to believe it will be used in connection with another felony cannot support an enhancement in a case where the "trafficking" enhancement also applies.

*Id*. at 602 (internal citation and emphasis omitted); *see also id*. at 601 ("When a defendant receives a sentencing enhancement for 'trafficking' in firearms under § 2K2.1(b)(5), Application Note 13(D) to § 2K2.1 prohibits imposition of an enhancement under § 2K2.1(b)(6)(B) based on the defendant's transfer of a firearm with reason to believe it will be used in another felony offense."). The Second Circuit thus found that the application of the other-felony-offense enhancement constituted impermissible double-counting, and the defendant's sentence was vacated and the case remanded for resentencing. *See id*. at 604.[4][5]

In contrast, the Seventh Circuit recently, without mentioning the Second Circuit's decision in *Young*, rejected a double-counting challenge to the simultaneous application of enhancements based on both § 2K2.1(b)(5) and § 2K2.1(b)(6)(B)'s

---

[4] In remanding the case to the district court, however, the Second Circuit commented: "[t]hough it is not clear to us that the record would support application of the enhancement on the ground that Young 'used or possessed a firearm in connection with another felony,' we do not foreclose the possibility that on remand the District Court could make such a finding." *Young*, 811 F.3d at 604 n.9.

[5] Judge Lohier concurred in the judgment in *Young*. *See Young*, 811 F.3d at 605-09 (Lohier, J., concurring). In particular, Judge Lohier was "not convinced" that § 2K2.1(b)(5), § 2K2(b)(6)(B), and Application Note 13(D) "unambiguously work[ed] in tandem to preclude application of the other-felony-offense enhancement to [the defendant] as impermissible double counting" under the reason-to-believe clause. *See id*. at 606 (Lohier, J., concurring). Nonetheless, Judge Lohier believed that where, as in that case, the relevant Guidelines provisions and application notes are unclear about whether double-counting is permitted, the rule of lenity should apply to foreclose it. *See id*. at 609 (Lohier, J., concurring). Thus, Judge Lohier would have vacated the sentence and remanded on that ground. *See id*.

reason-to-believe clause. *See United States v. Rodriguez*, 884 F.3d 679, 681 (7th Cir. 2018).[6] There, based on *Young*, the defendant claimed that the Guidelines expressly prohibit the concurrent application of the "trafficking" and reason-to-believe clause enhancements. *See id*. at 680. The Seventh Circuit summarized the defendant's argument as follows:

> Application Note 13(D) does just that [expressly prohibit the use of these enhancements together]. First, he observes that the other-felony enhancement applies in two distinct scenarios: (1) when the defendant uses or possesses the firearms in connection with another felony or (2) when the defendant possesses or transfers the firearms with knowledge, intent, or reason to believe that they will be used in connection with another felony offense. He then points to the language of the application note, *supra*, which does not mention the "knowledge, intent, or reason to believe" language present in the second scenario. *See* § 2K2.1 cmt. n.13(D). This omission, he argues, means that the note permits double counting only in the first scenario, when the defendant himself uses or possesses the firearms in connection with another felony. It would not apply in the second scenario, when the defendant transfers the firearms and the recipient commits the other-felony offense.

*Id*. at 680-81. The Seventh Circuit found the defendant's reading of Application Note 13(D) unconvincing, explaining:

> Were Rodriguez's reading correct, the court could not apply both sentencing enhancements because his conduct falls under the second scenario. But Rodriguez misreads the application note. First, the note mentions that both enhancements should be applied if the defendant "transferred any firearm." § 2K2.1 cmt. n.13(D). "Transferred" only appears in the second scenario. § 2K2.1(b)(6)(B). Second, reading the note to forbid simultaneous application of the trafficking enhancement and the other-felony enhancement when the court bases the other-felony enhancement on the defendant's "knowledge, intent, or reason to believe" reads part of that clause out of the guideline. Indeed, any time a defendant transfers a firearm with the knowledge, intent, or reason to believe that it would be used in connection with another felony they will necessarily have trafficked firearms. As a result, the guidelines fall far short of expressly prohibiting simultaneous application of the trafficking enhancement and the other-felony enhancement.

---

[6] The parties' submissions to the Seventh Circuit addressed *Young* in detail.

*Id*. at 681.

Additionally, at least two other Courts of Appeals have upheld the application of both the "trafficking" enhancement and the other-felony-offense enhancement based on the reason-to believe-clause, albeit without addressing a double-counting challenge as rightly noted by the Government. (*See* Doc. 110, 12-13 (citing *United States v. Fields*, 608 F. App'x 806, 812-14 (11th Cir. 2015); *United States v. Stebbins*, 523 F. App'x 1, 4 (1st Cir. 2013) (Souter, J.)).

While the correct reading of Application Note 13(D) presents an interesting question in light of its different readings by the Second and Seventh Circuits, that question need not be answered to resolve the present motion. This is so because Vanderpool's conduct to which he admitted and pled guilty plainly satisfies the other-felony-offense enhancement under the in-connection-with clause. Specifically, Vanderpool acknowledged during his guilty plea that he exchanged the firearms for heroin and he possessed heroin when he was arrested with one of the stolen firearms. (*See* Doc. 107, 18:10-23). Application Note 13(D) makes clear that use of the "trafficking" enhancement together with the other-felony-offense enhancement is appropriate when "the defendant used or transferred one of such firearms in connection with another felony offense." U.S.S.G. § 2K2.1 cmt. n.13(D). Thus, use of the § 2K2.1(b)(6)(B) other-felony-offense enhancement for Vanderpool's possession of heroin would have been proper under the in-connection-with clause. *See, e.g.*, *United States v. Truitt*, 696 F. App'x 391, 394 (11th Cir. 2017) (rejecting double-counting argument because the application of § 2K2.1(b)(6)(B) punished the defendant's possession of methamphetamine); *United States v. Sweet*, 776 F.3d 447, 451 (6th Cir. 2015) ("While the § 2K2.1(b)(5) enhancement punished Sweet and Cook for trafficking in firearms, 'regardless of whether anything of value was exchanged,' . . . the § 2K2.1(b)(6)(B) enhancement punished them for facilitating drug distribution when they accepted heroin as consideration for the firearms. Consequently, no double counting occurred.").

As such, even if the *Young* court's reading of the relevant Guidelines provisions and Application Note 13(D) is correct, Vanderpool is still not entitled to relief under § 2255. "[W]here defense counsel fails to object to an improper enhancement under the Sentencing Guidelines, counsel has rendered ineffective assistance. . . . [T]he controlling issue is whether defendant suffered prejudice by reason of this failure." *Jansen v. United States*, 369 F.3d 237, 244 (3d Cir. 2004). No prejudice can be shown by Vanderpool here. Application of the in-connection-with clause of § 2K2.1(b)(6)(B) was proper in calculating Vanderpool's offense level as stated above. To the extent that there was an error in utilizing the reason-to-believe clause in calculating his offense level, that error was harmless because the same offense level would have resulted by way of application of the in-connection-with clause. *See, e.g.*, *United States v. Richardson*, No. 13-353, 2016 WL 6600242, at *8 (D. Colo. Nov. 8, 2016); *Parmer v. United States*, No. 08-19, 2011 WL 1212712, at *3 (E.D.N.C. Mar. 31, 2011); *accord United States v. Isaac*, 655 F.3d 148, 158 (3d Cir. 2011) (finding that, although the district court erred in attributing an additional criminal history point to the defendant, the error was harmless because it did not affect the defendant's criminal history category and "the same Guideline range would have applied"). Vanderpool cannot demonstrate that he was prejudiced by his counsel's performance because the result of the proceeding would not have been different. It necessarily follows that his *Strickland* claim fails.

## IV. Conclusion

For the above stated reasons, because Vanderpool was not denied the effective assistance of counsel, his Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence will be denied. Further, in proceedings brought pursuant to 28 U.S.C. § 2255, an applicant cannot appeal to the circuit court unless a certificate of appealability has been issued. Under 28 U.S.C. § 2253(c)(2), a court may not issue a certificate of appealability unless "the applicant has made a substantial showing of the denial of a constitutional right." Restated, a certificate of appealability should not

be issued unless "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000). As reasonable jurists would not disagree with the resolution of the instant § 2255 motion, a certificate of appealability will not issue.

An appropriate order follows.

April 4, 2018 /s/ A. Richard Caputo
Date A. Richard Caputo
United States District Judge